IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



KEVIN L. STOWERS,

    Petitioner,

v.                                                                      Civil Action No. **3:19CV306**

M. BOLSTER,

    Respondent.

## REPORT AND RECOMMENDATION

Kevin L. Stowers, a federal inmate proceeding *pro se*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 3) challenging the Bureau of Prisons' ("BOP") failure to award him additional good conduct time pursuant to the First Step Act.[1] Respondent has moved to dismiss on the grounds that, *inter alia*, Stowers failed to exhaust his administrative remedies. Despite the provision of *Roseboro* notice,[2] Stowers has not filed a response. The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 6) be GRANTED, and the § 2241 Petition be DISMISSED WITHOUT PREJUDICE.

**A.**     **Exhaustion of Administrative Remedies**

"Exhaustion is an important doctrine in both administrative and habeas law . . . ." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Prior to seeking judicial relief, an inmate filing a § 2241 petition must properly exhaust his or her administrative remedies. *McClung v. Shearin*, 90

---

[1] The Court employs the pagination assigned to Stowers's § 2241 Petition by the CM/ECF docketing system.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90, "'so that the agency addresses the issues on the merits.'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate's failure to properly exhaust the administrative grievance process prior to filing his or her habeas petition may warrant dismissal of the petition. *See Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (citation omitted) (internal quotation marks omitted) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief"). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

B.  **The BOP's Grievance Procedure**

The BOP manages an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by first attempting to resolve the matter informally. *See* 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate must then submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," 28 C.F.R. § 542.14(a), at his place of incarceration. *See* 28 C.F.R. § 542.14(d). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a).

C.  **Stowers's Lack of Exhaustion**

Stowers acknowledges that he has not exhausted his administrative remedies and provides no argument about why he should be permitted to proceed here under these circumstances. (§ 2241

Pet. 2.) Stowers simply states that he is "seeking relief to get my 7 days good time credit that [is] suppose[d] to be given to me from the First Step Act." (*Id.* at 6 (capitalization corrected).) Because Stowers has not exhausted his administrative remedies, it is RECOMMENDED that the § 2241 Petition be DISMISSED WITHOUT PREJUDICE.³

**D.     Conclusion**

Accordingly, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 6) be GRANTED, and the § 2241 Petition be DISMISSED WITHOUT PREJUDICE.

Stowers is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of Stowers's claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Stowers and counsel for Respondent.

It is so ORDERED.

/s/ *[signature]*
Roderick C. Young
United States Magistrate Judge

Date: December 19, 2019
Richmond, Virginia

---

³ Ordinarily the dismissal for failure to exhaust administrative remedies is without prejudice, and a petitioner may bring his action in this Court after he has exhausted his remedies. The Court received Stowers's initial § 2241 petition in April of 2019. (ECF No. 1.) "[W]hen the provision of the First Step Act providing for the BOP to award an additional seven days of good time credit to Petitioner's sentence became effective, on July 19, 2019, Petitioner's sentence computation was appropriately updated." (Mem. Supp. Mot. Dismiss 2; *see also* ECF No. 7–1, at 4 (noting that "7–23–19: GCT UPDATED PURSUANT TO FSA K/YEB".) Thus, Stowers has received the relief he requested in his § 2241 Petition. Thus, his claim and his § 2241 Petition are now moot. Accordingly, this action may also be dismissed without prejudice as moot.